```
                    IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

IN RE: EARNESTINE MIMS                  )
                                        )
Wells Fargo Bank, N.A.,                 )
            Creditor,                   )  CASE NO. 14B08973
                                        )  JUDGE Carol A. Doyle
     vs.                                )
                                        )
EARNESTINE MIMS,                        )
            Debtor                      )
```

**<u>OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN</u>**

Now comes Wells Fargo Bank, N.A., by and through its attorneys, Pierce & Associates, P.C., and requests that Confirmation be denied, stating as follows:

1. On March 13, 2014, the debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code (11 U.S.C. Sec. 1301 et seq.)

2. Wells Fargo Bank, N.A. services the mortgage lien on the real property commonly known as 16049 Wood St., Harvey, IL 60426.

3. Paragraph E of the debtor's Chapter 13 Plan provides that the Chapter 13 Trustee shall pay Wells Fargo Bank, N.A. $55,000.00 over the life of the Chapter 13 Plan.

4. However, the actual pre-petition mortgage arrears of Wells Fargo Bank, N.A. total $64,705.56 which is greater than the amount provided for in Paragraph E of the debtor's Chapter 13 Plan.

5. Plan paragraph B(2)(b) and (c) of the debtor's Chapter 13 plan impermissibly modifies the independent valid contractual rights of the mortgage holder pertaining to when and how costs of

collection for post-petition obligations may be assessed, allowed, and/or reimbursed by the debtor's under the plan. See, 11 U.S.C. Sec. 1322(b).

6. The debtor's Chapter 13 Plan, by not properly paying the allowed, secured Proof of Claims filed by Wells Fargo Bank, N.A., impermissibly modifies the rights of Wells Fargo Bank, N.A., which is secured only by a mortgage lien on the real estate which is the debtor's principal residence. 11 U.S.C. Sec. 1322(b)(2).

7. The debtor's Chapter 13 Plan, by not properly paying the allowed, secured, Proof of Claim filed by Wells Fargo Bank, N.A., does not "provide for the curing" of the pre-petition mortgage arrears of Wells Fargo Bank, N.A.. 11 U.S.C. Sec. 1322 (b)(5).

8. A Proof of Claim "is deemed allowed, unless a party in interest objects" to it. 11 U.S.C. Sec.502.

9. No party in interest has filed an Objection to the Proof of Claim filed by Wells Fargo Bank, N.A.

10. Wells Fargo Bank, N.A. has incurred reasonable fees as a result of this Objection.

WHEREFORE, Wells Fargo Bank, N.A. respectfully prays that Confirmation of the debtor's Chapter 13 Plan be denied and for such other and further relief as this Honorable Court deems just.

                        Respectfully Submitted,
                        Wells Fargo Bank, N.A.

                        <u>/s/Christopher M. Brown</u>
                        Christopher M. Brown
                        ARDC#6271138

                        Pierce and Associates, P.C.
                        1 North Dearborn
                        Suite 1300
                        Chicago, Illinois 60602
                        (312)346-9088